UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIOVANNIA MALTESE,

    Plaintiff,

v.                                        Case No.:  2:19-cv-616-FtM-38MRM

BURLINGTON COAT FACTORY
DIRECT CORPORATION,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Burlington Coat Factory Direct Corporation's Motion to Dismiss Complaint or Alternatively for a More Definite Statement (Doc. 3). Plaintiff Giovannia Maltese never responded, and the time to do so expired. Also here is Maltese's Motion to Remand to State Court (Doc. 14) and Burlington's Response in Opposition (Doc. 17). For these reasons, the Court grants in part the Motion to Dismiss and denies the Motion to Remand.

## **BACKGROUND**

This is a slip-and-fall negligence case. (Doc. 4). Maltese went to a Burlington store. (Doc. 4 at 1). While there, Maltese "slipped and fell because the Defendant

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

negligently maintained premises by allowing clothes tag(s) and/or other transitory foreign substances to accumulate on the floor." (Doc. 4 at 2). Those are the only relevant facts in the Complaint. (Doc. 4 at 2). The balance of the pleading is a few conclusory statements of elements for an unlabeled cause of action. (Doc. 4 at 2).

**DISCUSSION**

Each Motion is taken in turn below.

**A. Motion to Remand**

First, the Court denies Maltese's Motion to Remand this case. (Doc. 14). This Motion offers a smorgasbord of reasons for denial. But the Court sticks to one procedural and one substantive.

Preliminarily, the Motion violates Local Rule 3.01(g) because Maltese failed to confer with Burlington before filing. M.D. Fla. R. 3.01(g). Thus, the Motion should be denied. See *Volusia Cty. Cattlemen's Ass'n v. W. World Ins.*, No. 6:15-cv-1239-Orl-41DAB, 2015 WL 13554966, at *1 (M.D. Fla. Dec. 28, 2015).

Because the Motion to Remand goes to jurisdiction, however, the Court considers the merits all the same. See *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (Courts "have an independent obligation to determine whether subject-matter jurisdiction exists."); 28 U.S.C. § 1447(c). Courts construe removal statutes strictly and resolve all jurisdictional doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Diversity is the jurisdictional basis. (Doc. 1). And the parties only dispute the amount in controversy.

A defendant may remove a case from state to federal court if the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity

exists. 28 U.S.C. §§ 1332(a); 1441(a). When a complaint does not specify damages—like here—the removing party must prove amount in controversy by preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Among the evidence courts can consider are "affidavits, declarations, and other documentation." *Id.* But federal law also "allows consideration of discovery responses." *Harrison v. Red Bull Distribution Co.*, No. 2:19-cv-17-FtM-99MRM, 2019 WL 1123691, at *2 (M.D. Fla. Mar. 12, 2019); *see also Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014) ("[T]he court may consider facts alleged in the notice of removal [and] judicial admissions made by the plaintiffs." (citation omitted)).

Here, the amount in controversy exceeds the jurisdictional limit by a preponderance of the evidence for several reasons. Most notably, Maltese admitted in state court that both amount in controversy and damages exceed $75,000. (Doc. 17-2). Maltese argues a state procedural rule precludes consideration of that discovery response here. But Florida procedural law does not apply. *E.g.*, *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 783 (11th Cir. 2005). And federal courts often allow removing defendants to rely on admissions that plaintiffs made in state court. *E.g.*, *Red Bull*, 2019 WL 1123691, at *2; *Plotkin v. Target Corp.*, No. 15-cv-62427-GAYLES/Turnoff, 2016 WL 1752815, at *1 (S.D. Fla. May 3, 2016). So the Court holds Maltese to the admissions. That is not the only evidence of amount in controversy exceeding the jurisdictional amount. Buttressing the admissions are nondispositive facts like Maltese's $250,000 settlement demand and refusal to limit damages to $75,000. (Docs. 17-1; 17-2; 17-5);

see *Ralph v. Target Corp.*, No. 6:09-cv-1328-Orl-19KRS, 2009 WL 3200680, at *2-3 (M.D. Fla. Sept. 30, 2009) (considering a settlement demand and refusal to stipulate before denying remand).

Given the amount in controversy over $75,000 and diversity of the parties, the Court has jurisdiction. So the Motion to Remand is denied. (Doc. 14).

**B. Motion to Dismiss**

Next, Burlington attacks the Complaint (Doc. 4) for failing to state a claim. (Doc. 3). Maltese never responded. There was not much to say anyway.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court accepts all allegations as true and draws reasonable inferences for Maltese. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). Yet courts need not accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While a bit unclear, it appears Maltese brings a state-law negligence claim for premises liability.[2] (Doc. 4). The Complaint fails to state that claim plausibly.

---

[2] While sitting in diversity, the Court applies Florida substantive law. *E.g.*, *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010).

4

Negligence consists of duty, breach, causation, and damages. *E.g.*, *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008). Businesses owe certain duties to their customers, like a duty of care to keep premises safe. *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 277-78 (Fla. Dist. Ct. App. 2017). Yet to prove breach of that duty, slip-and-fall plaintiffs must show the business had "actual or constructive knowledge of the dangerous condition." Fla. Stat. § 768.0755(1); *see also Pussinen v. Target Corp.*, 731 F. App'x 936, 937 (11th Cir. 2018). Actual knowledge exists when a defendant or its employees knew of or created a dangerous condition. *Palavicini v. Wal-Mart Stores E., LP*, 2019 WL 4316693, at *2 (11th Cir. Sept. 12, 2019). Plaintiffs demonstrate constructive knowledge in one of two ways:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1)(a)-(b).

Here, Maltese alleges no facts to conclude that Burlington had actual or constructive knowledge of the dangerous condition. Instead, the Complaint recites the bare-bones knowledge element without a single allegation to support it. Even under the liberal pleading standard, that is not enough. *E.g.*, *Twombly*, 550 U.S. at 555 (A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Lapinski v. Leech*, 717 F. App'x 970, 971 (11th Cir. 2018) ("Bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Simply put, Maltese alleged no facts to support a facially plausible claim.

While that is the most glaring deficiency, it is not alone. Burlington notes it is guessing at what it was sued for, what happened, and what are its legal duties. The Court is guessing too. This is borne out by *the only* factual allegation about the injury—Maltese slipped and fell on either a clothing tag or anything else in the world. (Doc. 4 at 2 (slipping on "clothes tag(s) and/or other transitory foreign substances"); *see also Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 518 (11th Cir. 2019) (A "'transitory foreign substance' generally refers 'to any liquid or solid substance, item or object located where it does not belong.'" (quoting *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001))). The amended complaint should correct its deficiencies and provide enough detail to put Burlington on fair notice of the claim and its grounds.

In sum, the Complaint fails to state a claim, and it is dismissed without prejudice. Because the Complaint is dismissed on Rule 12(b)(6) grounds, it is unnecessary to reach Burlington's alternative arguments under Rule 12(e) and 12(f).

Accordingly, it is now **ORDERED:**

1. Plaintiff's Motion to Remand to State Court (Doc. 14) is **DENIED**.
2. Defendant's Motion to Dismiss Complaint or Alternatively for a More Definite Statement (Doc. 3) is **GRANTED in part**.
3. The Complaint (Doc. 4) is **DISMISSED without prejudice**.
4. Plaintiff may **REFILE** an Amended Complaint on or before October 3, 2019.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of September, 2019.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record