UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIOVANNIA MALTESE,

   Plaintiff,

v.            Case No.: 2:19-cv-616-FtM-38MRM

BURLINGTON COAT FACTORY
DIRECT CORPORATION,

   Defendant.
               /

## ORDER[1]

Before the Court is Defendant Burlington Coat Factory Direct Corporation's Motion to Dismiss or Alternatively for a More Definite Statement (Doc. 22) and Plaintiff Giovannia Maltese's response in opposition (Doc. 24). In part, the Court denies and grants the Motion.

## BACKGROUND[2]

This a slip-and-fall negligence case. (Doc. 21). Maltese went shopping at a Burlington Coat Factory. (Doc. 21 at 1-2). While there, Maltese slipped on a clothing tag near the shopping carts at the front of the store. (Doc. 21 at 2-3). The tag was "on the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The operative pleading is the First Amended Complaint (the "Complaint") (Doc. 21). These are the facts pled in the Complaint, which the Court accepts as true. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

floor for quite some time without being cleaned or swept up." (Doc. 21 at 3). And Burlington "employees routinely allowed clothing tags to accumulate under the shopping carts without cleaning them up." (Doc. 21 at 3).

The Court dismissed the original complaint. (Doc. 20). Now, Burlington moves to dismiss again. (Doc. 22).

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Burlington launches three attacks on the Complaint.

### A. Failure to State a Claim

First, Burlington argues the Complaint is still insufficient by not providing enough factual support to state a claim. (Doc. 22 at 5-8). Maltese disagrees, pointing to various ways the Complaint fixed deficiencies in its previous iteration. (Doc. 24). The Complaint alleges one count of state-law negligence for business premises liability.[3] (Doc. 21).

---

[3] While sitting in diversity, the Court applies Florida substantive law. *E.g., Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010).

Negligence consists of duty, breach, causation, and damages. *E.g.*, *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008). Businesses owe certain duties to their customers, like a duty of care to keep premises safe. *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 277-78 (Fla. Dist. Ct. App. 2017). Yet to prove breach of that duty, slip-and-fall plaintiffs must show the business had "actual or constructive knowledge of the dangerous condition." Fla. Stat. § 768.0755(1); *see also Encarnacion*, 211 So. 3d at 277-78. Actual knowledge exists when a defendant or its employees knew of or created a dangerous condition. *Palavicini v. Wal-Mart Stores E., LP*, 2019 WL 4316693, at *2 (11th Cir. Sept. 12, 2019). Plaintiffs demonstrate constructive knowledge in one of two ways:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1)(a)-(b).

This time around, Maltese alleges facts that Burlington had constructive knowledge of the dangerous condition. Now, it is clear Maltese slipped on a tag at the front of the store near the shopping carts. (Doc. 21 at 3). The Complaint also specifies the tag was "on the floor for quite some time without being cleaned or swept up." (Doc. 21 at 3). Further, it pleads Burlington "employees routinely allowed clothing tags to accumulate under the shopping carts." (Doc. 21 at 3). In short, Maltese alleges both types of statutory constructive knowledge, along with facts in support. This may not be the most detailed pleading, but detailed pleadings are not required. *E.g.*, *Iqbal*, 556 U.S. at 678. And at

this stage, the Court must accept the facts pled as true. *E.g.*, *id.* After doing so, the Court concludes Maltese stated a plausible claim. *See id.* at 678-79.

Relatedly, Burlington takes issue with one of the Complaint's paragraphs in two ways. (Doc. 22 at 5-7). First, Burlington argues the paragraph is overbroad because it refers to a nonexhaustive list of Burlington's duties to its customers. (Doc. 22 at 5). That position is meritless. This paragraph simply pleads various ways Burlington failed to exercise reasonable care, which may relate to the constructive knowledge element. (Doc. 21 at 2-3). Second, Burlington characterizes Maltese's claim as one of negligent mode of operation. (Doc. 22 at 6-7). Florida moved away from negligent mode of operation liability in this context several years ago. *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 424-26 (Fla. Dist. Ct. App. 2014). As the Complaint and Maltese's briefing clarify, however, Maltese is not relying on a negligent mode of operation theory. (Docs. 21 at 2-3; 24 at 2-3). Rather, Maltese "is claiming [Burlington] had constructive notice," which Florida Statute § 768.0755(1) requires. (Doc. 24 at 3). So that position falls flat.

All in all, the Complaint is enough to go forward.

**B. Striking Interest Demand**

Next, Burlington seeks to strike Maltese's general prayer for prejudgment interest. (Doc. 22 at 8). Among the damages sought in the Complaint's prayer for relief are "interest and costs." (Doc. 21 at 3). Burlington argues Florida law does not allow for recovery of prejudgment interest in tort cases. (Doc. 22 at 8). This contention succeeds in part.

A court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In a diversity case, "[w]hether a successful

4

claimant is entitled to prejudgment interest is a question of state law." *Venn v. St. Paul Fire & Marine Ins.*, 99 F.3d 1058, 1066 (11th Cir. 1996). "Under Florida law, plaintiffs in personal injury cases have historically not been entitled to prejudgment interest, as damages are too speculative to liquidate before final judgment." *Rivera v. Aaron Rents, Inc.*, No. 8:07-cv-2190-T-30TGW, 2008 WL 638353, at *4 (M.D. Fla. Mar. 5, 2008) (citing *Amerace Corp. v. Stallings*, 823 So. 2d 110, 112-13 (Fla. 2002)). Maltese neither opposed Burlington's argument on this point "nor identified an exception to the general rule," so the Court strikes the prayer to the extent it seeks prejudgment interest. *See Delfino v. Gulf Coast Town Ctr. CMBS, LLC*, No. 2:17-cv-00115-SPC-MRM, 2017 WL 2600771, at *2-3 (M.D. Fla. June 15, 2017).

Yet the Court does not strike the prayer entirely because it cannot say at this time there will never be interest owed. For example, Maltese may ultimately obtain a judgment and become entitled to postjudgment interest. *See* 28 U.S.C. § 1961(a).[4] Therefore, the prayer for interest is struck only to the extent it seeks prejudgment interest.

## C. More Definite Statement

Finally, the Court denies Burlington's alternative request for a more definite statement. (Doc. 22 at 8-9). A defendant may move for a more definite statement when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for more definite statements are "disfavored under the law" and are "not to be used as a substitute for discovery." *Spiral Direct, Inc.*

---

[4] Unlike prejudgment interest, federal law controls entitlement to postjudgment interest. *E.g.*, *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991) ("[I]n awarding postjudgment interest in a diversity case, a district court will apply the federal interest statute."); *Hirsch v. Jupiter Golf Club LLC*, 232 F. Supp. 3d 1243, 1257 n.12 (S.D. Fla. 2017).

*v. Basic Sports Apparel, Inc.*, 151 F. Supp. 3d 1268, 1281-82 (M.D. Fla. 2015) (citation omitted). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Advanta-Star Auto. Research Corp. of Am. v. Semoran Auto Acquisitions, Inc.*, No. 6:17-cv-1675-Orl-40GJK, 2018 WL 1907643, at *3 n.5 (M.D. Fla. Apr. 23, 2018) (citation omitted). The Complaint alleges one count of premises liability negligence for slip and fall on a transitory foreign substance at a Burlington store. (Doc. 21). Burlington knows that claim and the basic supporting facts. Because Burlington can reasonably prepare a response, a more definite statement is unnecessary.

**D. Conclusion**

In sum, the Complaint states a viable and definite claim for slip-and-fall negligence. So the bulk of the Motion to Dismiss (Doc. 22) is denied. But the Court strikes the general prayer for prejudgment interest to the extent discussed above. Burlington should respond to the Complaint within fourteen days.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss or Alternatively for a More Definite Statement (Doc. 22) is **DENIED and GRANTED in part**.
2. Defendant must answer the Complaint **on or before November 5, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record